UNION BANK *vs.* WILLIAMS ET AL.

UNION BANK
*vs.*
WILLIAMS ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE SEVENTH PRESIDING.

A statement of facts must be procured by the party *intending* to appeal, and it is sufficient if it be made out at any time before, or on granting the appeal.

Where the judge, in his statement of facts, certifies " that the protest was proved to have been regularly made, *and the notices given accordingly*," it was held *insufficient proof of notice* to the endorsers; and the court not not being able to ascertain whether they were properly given, or to examine the case on its merits, the appeal was dismissed.

This is an action against the endorsers of a promissory note of two thousand four hundred dollars, signed by Moore & Henderson, payable twelve months after date, to the order of Martin, Mears & Co., and of which the branch of the Union Bank, at Natchitoches, alleges it is the holder; that the said note was duly presented for payment, protested for non-payment, and due and legal notice thereof given to the endorsers.

The defendants severed in their answers, and pleaded the general issue. Williams & Cockerell, two of the endorsers, averred, that they were discharged from any liability they might have been under, by the endorsement and delivery of said note to Martin, Mears & Co., the payees and first endorsers.

There was judgment for the defendants, rendered the 20th April, 1839. On the 13th March, 1840, the judge was applied to for a statement of facts, who made it, and states, that the protest and notices were properly made and given; that it was proved, the note sued on was made and given to Martin, Mears & Co., who transferred it, by a blank endorsement, to the defendant Williams, who endorsed it to Heard & Jones, who endorsed it to Cockerell, who endorsed it back again to Martin, Mears & Co.

The plaintiffs brought up the appeal.

WESTERN DIST.

*October*, 1840.

UNION BANK
*vs.*
WILLIAMS ET AL.

*Sherburne, Dunbar* and *Hyams*, for the defendants and appellees, moved to dismiss the appeal, on the ground that the statement of facts was insufficient to examine the case on its merits. The statement was made too late. 3 *Louisiana Reports*, 294 ; 5 *Idem.*, 321.

*Brent*, contra, insisted on a trial of the merits.

*Martin, J.*, delivered the opinion of the court.

The dismissal of this appeal is asked on the following grounds.

1. That the statement of facts was not made until ten months after the judgment was rendered.

2. The judge has not given the evidence, but his conclusions therefrom.

I. The Code of Practice has not fixed any period within which the statement of facts must be made : It requires only that it be procured by the party *intending* to appeal, that is to say, before the appeal be granted. In this case, the statement of facts, and the order granting the appeal, were dated on the same day. The statement was, therefore, made in due time.

*A statement of facts must be procured by the party intending to appeal, and it is sufficient if it be made out at any time before, or on granting the appeal.*

II. The judge states " that the protest was proved to have been regularly made, and the notices given accordingly." As to the protest, we might test its regularity, because it is transcribed in the record. But in regard to the notices, they not being in the record, and the failure of the judge to inform us at what time, by whom, and to whom, or in what manner they were given, we connot ascertain whether they were *properly* given.

As this statement does not enable us to examine the case on its merits, we are constrained to dismiss the appeal.

It is, therefore, ordered, that the appeal be dismissed, with costs.