ON Application por a Rehearing.
Breaux, J.
The appellants contend that our judgment; affirming the judgment of the lower court, is erroneous, because, as they assert, the law does not provide for a note of evidence in the justice court, and the manner of bringing up an appeal from a justice court *1658 is in a statement of facts, or on questions of law, to be decided upon the face of the papers.
The appellants in support of their position aver that there is a •“ statement of facts ” of record made to supply.
The justice certified to the correctness of the transcript as containing a complete copy of all the proceedings.
This statement of facts gave rise to two objections.
1. It does not appear to have been made contradictorily with the appellee, nor is it shown that it was made at the request of either of the parties, or that the appellee refused to join in making out this “ statement of facts.”
In our judgment the justice can be called upon to make it only after refusal of the adverse party. C. P. 683; Castaing vs. Stone, 4 An. 18.
There is no evidence of record of the refusal of the appellee to join in making out the “ statement of facts.”
Part of the argument for a rehearing is made with reference to an agreement between counsel, covering, it was said, the “statementof facts.” It is well settled that agreements not written or noted by the court can not be considered by us, save with the consent of all concerned.
There is no agreement of record, nor by counsel in regard to a ■“ statement of facts.”
2. The other informality consists in the fact that the appeal had been perfected at the date that the statement of facts was written by the justice.
■ The codal provisions relating to appeal require that such statement be written prior to completing the appeal. C. P. 602. “Not after filing of bond.” The Minors Smith—J. W. Smith, Tutor, 22 An. 253; Hodge vs. His Creditors, 3 La. 290; Union Bank vs. Williams et al., 16 La. 236.
But it is further contended, substantially, in the application for a rehearing, that even if a statement of facts contained in a transcript be rejected, the remaining issues apparent of record should be considered. This is eminently correct. But the difficulty which «rises, as relates to the appellant, is that there are no issues remaining which can be considered by the court. The exemption under the homestead law claimed is not sustained by any evidence, *1659 unless due consideration be given to the statement of facts which was not timely made.
The manner of bringing up appeals as laid down in prior decisions upon the subject as we read them having been by us restated, in order to uphold jurisprudence and the law, we desire to state that we have carefully examined the issues as they appear presented by the rejected statement of facts. We have in deference to the appeal, nevertheless, given to the appellants’ cause, based upon a claim for a homestead, all the weight we think should be given to a statement of iacts prepared within the time required, in due form — i. e., as if the statement was regularly before us.
This statement shows that the two defendants were the joint lessees of the place and jointly interested in the lease; that the corn provisionally seized was raised on the leased premises, and was on the leased premises when seized.
The promissory note upon which judgment was obtained, which was enjoined, was signed by the two defendants for the year 1896. It follows that the property was the joint property of the two defendants, and that the note also was a joint note.
One of the parties or joint owners could not sell or transfer the property jointly owned to his copartner, or- cojoint owner, until payment of the promissory note of which they were the makers. A privilege or pledge had arisen; the note represented the rental, and was secured as to its payment by pledge or privilege; neither could be affected by a dation or transfer made by one of the joint owners to the other while the property was on the place leased. The lessor has more than a privilege; he may even take possession of the property and retain it until the rent is paid. The dation en paiement made to the homestead claimant by his son, the codefendant, did not have the effect of freeing the property from the lessor’s privilege and of rendering it subject to exemption under the homestead law.
In Carter Brothers & Co. vs. Calloway & Burns, 36 An. 475, this court said: “ The real question is, whether creditors of an individual can apply the assets of a partnership, of which that individual is a member, to the payment of the individual’s debt to the prejudice of creditors of the partnership,” and decided “ that creditors of an individual can not apply the assets of a partnership of which the *1660 individual is a member to the payment of his debt, to the prejudice of the creditors oi the partnership.”
Precisely the case here, save that it appears that the parties held the property in indivisión.
As it was subject to a privilege or pledge, it was as effective against property held in indivisión as against property owned by a partnership.
It is therefore manifest, had we passed the points decided, adversely to defendant, and considered the case on the merits, the result would have been the same.
The application for a rehearing is refused.